McKean, Chief Justice.
 

 The remainder in fee of this estate is claimed by Abel James; who alleges that, whether the estate given to Parrock was for life, or in tail, he is entitled to a vested remainder in fee, which is not barred by the attainder of Parrock. The court, however, are of opinion, that the word “ issue ” in this case is a limitation, and that John Parrock took an estate-tail, under this devise. Probably, indeed, no more than an estate for life was intended to have been given to him, but the law supervenes that intention. There is a second intention, manifest in the will, which is to be carried into execution; that is, that the issue should take in succession, which they could not do, without a previous estate of inheritance in the father! The meaning of the testator appears clearly to have been, that the estate should not go over, while there was any issue, and it is expressly provided, that all must be extinct, and none have attained the age of twenty-one years, before it should pass to Abel James.
 

 This is not a new case; for, it has been long settled, that the words “natural life ” make no difference.
 
 Sunday’s
 
 case, 9 Co. 127;
 
 Helin
 
 v.
 
 Jenings,
 
 1 Freem. 509;
 
 Thrustout
 
 v.
 
 Peak,
 
 2 Eq. Cas. Abr. 312;
 
 White
 
 v.
 
 Collins,
 
 Comyn 289; 1 Will. 600, 754,
 
 &c.;
 
 Fortesc. 83; 2 Ld. Raym. 1437; 1 Barnard, in K. B. 6, 367. Such was the decision.
 

 As therefore, John Parrock took an estate-tail, the land was forfeited by the attainder; and the claim of Abel James must be dismissed.
 
 (a)
 

 The claim dismissed,
 

 (b)
 

 (a)
 

 Subsequently to this decision (in May 1791), John Parrock died without issue, and the assignees of Abel James instituted an ejectment against the party holding under the commonwealth, having previously paid 300i. to'the Pennsylvania Hospital. A case was stated for the opinion of the supreme court, who held, that the estate in the commonwealth ceased on the death of John Parrock, and that the remainder to Abel James was
 
 rested
 
 and took effect in possession, on payment of the 300¿. The case is reported in 1 Yeates 332, by the name of Evans’s Lessee
 
 v.
 
 Davis. And see the remarks of C. J. McKean upon the foregoing case, in 1 Yeates 338. See also Haines
 
 v.
 
 Witmer, 2 Yeates 400; Willis
 
 v.
 
 Bucher, 3 W. C. C. 369; Burkhart
 
 v.
 
 Bucher, 2 Binn. 455; Carter
 
 v.
 
 M'Michael, 10 S. & R. 429; Kinsey
 
 v.
 
 Lardner, 15 Id. 192.
 

 (b)
 

 See 2 Doug, 488, n.